By the Referee.
On November 14, 1878, the defendants, Charles A. Wilson and David Dudley Wilson, composing the firm of Charles A. Wilson & Brother, executed an instrument purporting to be a general assignment for the benefit of their creditors, to the defendant, Jerry A. Wernberg. The assent of said Wernberg, as assignee, was embodied in the instrument. He subscribed the same and it was severally acknowledged on said day by both of the assignors and the assignee. Such instrument was upon the same date recorded in the office of the clerk of the city and county of New York. Subsequently said assignee filed his bond and took possession of the assigned estate.
*166 Previous to the time above named, and on the 25th day of October, 1878, an instrument, also purporting to be a general assignment by said firm for the benefit of creditors, to the same assignee, was executed and recorded in the office of said clerk. This instrument was acknowledged by one of the members of the firm, and the assent of the assignee was not embraced therein nor does it appear at the end of or indorsed upon the same. On the following day, October 26, 1878, an assent by such assignee in a separate document was executed, acknowledged and recorded.
The assignment of November 14, 1878, provides for the preference of certain claims in the body of the instrument. The assignment of October 25, 1878, provides for the preference of certain claims to be specified in a schedule which was to be thereafter filed, and which never was filed.
This action is brought by creditors preferred under the instrument of November 14, 1878, on their own behalf and on behalf of others similarly interested, to compel an accounting and distribution.
For purposes of convenience the instrument of October 25, 1878, will be designated as the first assignment, and that of November 14, 1878, as the second assignment.
It has been urged by some of the unpreferred creditors that the first assignment was valid and that it operated as a general assignment without preferences, because the schedule, in which, according to its terms, the preferred creditors were to be enumerated was not filed. The effect of this view would be to require the referee to ignore the second assignment in stating the accounts and directing distribution.
This reference is for an accounting under an interlocutory judgment. The second assignment is the only one mentioned in the pleadings and the only one presumably before the court in rendering such judg *167 ment. It is at least doubtful, therefore, whether in a proceeding of this kind a referee has power to decide which assignment he shall act under and whether he is not bound to assume the second assignment as valid and binding as far as this accounting is concerned.
But the first assignment was formally presented at the hearing, and, having considered the same, I have reached the conclusion that even if all possible validity be given to it, the result for which counsel for the unpreferred creditors contend would not follow.
As a statutory assignment under the act of 1877, the first assignment is void. The assent of the assignee to the instrument was by a separate document executed, acknowledged and recorded the day after the recording of the instrument itself, and said instrument was not re-recorded after the execution of such assent. It is questionable whether an assent in this form was contemplated by the statute (Laws 1877, chap. 406). The language of section 2 is that, “ the assent of the assignee subscribed and acknowledged by him shall appear in writing, embraced in, or at the end of, or indorsed upon the assignment, before the same is recorded, and if separate from the assignment, shall be duly acknowledged.”
According to this language the assent may be either by a recital embodied in the assignment, and the assignee may sign and acknowledge the instrument, or it may be by a separate writing duly acknowledged either at the end of or indorsed upon the instrument proper. It does not seem to have been the purpose to provide that the assent maybe signified by an independent document physically separate from the assignment. The language is explicit that it shall appear or be “ embraced in or at the end of or indorsed upon,” and the words “if separate from the assignment ” do not necessarily qualify the force of the provision, because they may be given due effect by holding that they ap *168 ply to cases where the assent is not made a part of the instrument itself, but appears at the end of or indorsed upon it.
But, aside from this consideration, the intention is clear that the assent of the assignee, whatever may be the form employed, shall appear in writing, subscribed and acknowledged before the instrument is recorded. In the first assignment, the assignee’s assent was not executed until the day after the recording of the same and under the decision in Rennie v. Bean (24 Hun, 123) this is a fatal defect. The facts in that case were similar to those here involved. There, as here, an assignment for the benefit of creditors was executed and recorded withopt a written assent of the assignee. Five days afterwards the assignee’s assent was duly executed and the instrument was again recorded. The general term decided that the instrument became effectual only from the time of its second record, sustained a seizure made under an attachment after the first and before the second record, and held, that all the provisions of section 2 of the statute above recited, are mandatory. Under the ruling in that case, the first assignment never has had any validity, and never became operative to pass title to the assignee or clothe him with the trusts therein attempted to be created.
It is further claimed, however, that if the instrument in question is void as a statutory assignment under the act of 1877, it is, nevertheless, valid at common law as between the parties. The principle is undoubtedly well settled that an assignment may be void as to creditors who seize .upon the estate by attachment or levy, and still valid between assignor and assignee. In the case of Metcalf v. Van Brunt (37 Barb. 621), it is held that “ after an assignment for' the benefit of creditors not reserving the power of revpcation, has been executed and delivered, and accepted, by the as *169 signees, the assignors have no such control over the property assigned, as will enable them to make a new assignment, so as to confer upon the assignees any additional title or authority over the assigned property, or to render the title which they have already obtained, valid as against the creditors of the assignors where the original instrument was void as to them, though valid as to the assignors.” It is to be observed that the decision in this case applied to an assignment not reserving the power of revocation. In the opinion (at page 629) is cited the case of Murray v. Riggs (15 Johns. 571), “holding that a deed or assignment void as to creditors, is capable of being confirmed and rendered valid by a subsequent instrument. But an examination of that case (Murray v. Riggs), shows that all the assignments, except the last one, contained a power of revocation and change of trusts by the assignor. He had not, therefore, by those assignments parted with his control over the property assigned, and the last assignment being absolute without power of revocation and unobjectionable as to form, was held valid. The original assignments were in effect revoked by the last one pursuant to the power reserved therein to the assignor.”
This decision in Murray v. Riggs, is referred to as above in Metcalf v. Van Brunt, for the sake of distinguishing it from the case then at bar. It would seem that Murray v. Riggs, "rather than Metcalf Van Brunt, affords a precedent for the present determination. The first assignment made by the Wilsons to Wernberg was by its terms not a complete and final instrument, containing an absolute transfer. The assignors did not by it part with the control of the assigned property. They assigned said property to Wernberg for the benefit of their creditors, “preferring, however, the debts enumerated in schedule to be numbered 1 and filed.” It seems reasonable to hold *170 that they thereby reserved the right to designate the persons who should be special beneficiaries of the trust, that is, to nominate preferred creditors. They reserved, if not a power of revocation, at least a power of appointment, and this, in my opinion, is sufficient to take the present case out of the ruling in Metcalf v. Van Brunt and to bring it within that of Murray v. Biggs. The second assignment is between the same parties and covers the same property. In effect it is merely a confirmance of the prior instrument, with the addition of the designation and appointment of special beneficiaries, i. e., the preferred creditors, in accordance with the power reserved.
If, therefore, no liens by attachment or levy having intervened, the first assignment should be held valid at common law, the result would not.be the ratable distribution of the assets among all the creditors without preferences. Proceeding on a simple common-law basis, it is certainly allowable to make a deed or assignment in trust for the benefit of persons to be afterwards nominated. The second assignment nominates the cestuis que trust, and the fact that it contained a new transfer of assets which the assignors had already parted with, would not vitiate the instrument. The words of assignment in the new instrument of November 14,1878, might on this theory be held to be merely confirmatory, or at most disregarded as surplusage, and the words of designation would be operative.
As in Murray v. Biggs, the assignments may be taken together “as forming one entire transaction.”
It may be objected that the reservation in the first assignment is contained only in a recital, and that the subsequent portions do not refer to it, but are general in their directions for distribution among the creditors. Nevertheless, the intention is obvious that the assignors should retain the right to designate preferred *171 creditors. The instrument is inartificially drawn and was informally executed, and this gives, in the present discussion, a particular force to the following language from the opinion in the case of Allen v. Holton, 20 Pick. (37 Mass.) 458. “ Every deed is to be construed according to the intention of the parties, as manifested by the entire instrument, although it may not comport with the language of a particular part of it. Thus, a recital or a preamble in a deed may qualify the generality of the words of a covenant or other parts of a deed.” See also Moore v. Magrath, Gowp. 9, and other cases cited in the opinion last named.
It is therefore immaterial under which instrument the assignee became vested with the assignors’ estate. The second assignment is in all respects technically valid under the act of 1877. If, therefore, the first assignment is to be disregarded because void under the statute, accounting and distribution would be directed as provided in the second assignment.
If, on the other hand, the first assignment is to be given full validity as a sufficient transfer at common law, because no creditor entitled to raise the question of statutory irregularity has attacked it, still the distribution must be that directed by the second assignment, because it contains the desgination and appointment which the parties had a right to make up by reason of the power reserved. In neither view of the case would the first assignment operate as a general assignment without preferences.
The report will therefore be for payment of the preferred creditors, ratably, to the exclusion of the general creditors, it appearing that there are not funds enough to pay even the preferred creditors.